**United States District Court**
For the Northern District of California

1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   LARRY DONNELL RAMSIRE, on behalf of              No. C 05-03401 WHA
     himself and all others similarly situated,
11
                         Plaintiff,
12
                                                      **ORDER GRANTING**
13      v.                                            **MOTION TO DISMISS AND**
                                                      **VACATING HEARING**
14   COLLECTCORP, INC.,

15                       Defendant.
                                                    /
16

17                                **INTRODUCTION**

18          In this purported class action alleging a violation of the Fair Debt Collection Practices

19   Act ("FDCPA") under 15 U.S.C. 1692 *et seq.*, defendant Collectcorp, Inc. now moves to

20   dismiss the complaint.  As discussed below, this order finds that the complaint did not

21   sufficiently allege any "false, deceptive or misleading representation in connection with the

22   collection of any debt" in violation of 15 U.S.C. 1692e.  Defendant's motion is GRANTED.

23                                **STATEMENT**

24          Plaintiff Larry Donnell Ramsire does not dispute that he owes a debt to Citicorp

25   Bankcards in the amount of $3,006.18 (Compl. ¶ 6).  In connection with this debt, he received

26   defendant's initial collection letter dated April 9, 2005, which contained the following language

27   (Compl. ¶ 8, Exh. A):

28          As soon as we receive your payment in full on the above-noted account all
            collection activity will be stopped.  If payment is not made, collection
            efforts as well as interest will continue on this account.

A second letter was subsequently sent to plaintiff on May 24, 2005, which contained the

following settlement offer (*id.* ¶ 9, Exh. B):

> You currently owe $3,006.18. We can settle your account today for only
> $2,254.64. Please call our office if you want to take advantage of these
> savings.

The complaint, filed on August 22, 2005, alleges that the first letter was false, deceptive

and misleading in violation of 15 U.S.C. 1692e(5) because defendant did not intend to carry out

its threat to continue collection efforts until payment in full was received, as evidenced by the

fact that it later offered to settle the debt at a discount (*id.* ¶¶ 10, 15). Plaintiff further argues

that defendant's representation "that all collection activity will be stopped as soon as [it]

receives full payment on the account" was in violation of §§ 1692e and 1692e(10) (*id.* ¶ 14).

## ANALYSIS

### 1. LEGAL STANDARDS.

#### A. FRCP 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for legal

sufficiency of the claims alleged in the complaint. *Parks Sch. of Business v. Symington*, 51 F.3d

1480, 1484 (9th Cir. 1995). Although materials outside of the pleading should not be

considered, a court may consider all materials properly submitted as part of the complaint, such

as exhibits. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 (9th Cir.

1990). All material allegations of the complaint are taken as true and construed in the light

most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th

Cir. 1996). However, "conclusory allegations of law and unwarranted inferences are

insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington

Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). If dismissal is granted, the Court may

"properly den[y] a party's request for leave to amend if such leave would be futile." *Pink v.

Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998).

#### B. Fair Debt Collection Practices Act.

The purpose of the FDCPA "is to protect consumers from a host of unfair, harassing,

and deceptive debt collection practices without imposing unnecessary restrictions on ethical

United States District Court
For the Northern District of California

2

1   debt collectors." *Pressley v. Capital Credit & Collection Serv., Inc.*, 760 F.2d 922, 925 (9th

2   Cir. 1985) (citing 123 Cong. Rec. S. 27,386 (daily ed. Aug. 5, 1977)).  Whether a collection

3   letter violates the FDCPA is a question of law for the Court, not a jury; the analysis focuses on

4   "whether it is likely to deceive or mislead a hypothetical least sophisticated debtor." *Terran v.*

5   *Kaplan*, 109 F.3d 1428, 1431–32 (9th Cir. 1997).  This standard is "lower than simply

6   examining whether particular language would deceive or mislead a reasonable debtor."

7   *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1989).

8          Section 1692e provides in relevant part that "[a] debt collector may not use any false,

9   deceptive, or misleading representation or means in connection with the collection of any debt."

10   Among the explicitly enumerated conduct, Section 1692e(5) provides that "[t]he threat to take

11   any action that cannot legally be taken or that is not intended to be taken" is a violation of this

12   section.  Section 1692e(10) further prohibits "[t]he use of any false representation or deceptive

13   means to collect or attempt to collect any debt or to obtain information concerning a consumer."

14          **2.     APPLICATION.**

15          Plaintiff challenges the following language from defendant's initial collection letter:

16          As soon as we receive your payment in full on the above-noted account all
             collection activity will be stopped.  If payment is not made, collection
17          efforts as well as interest will continue on this account.

18   The issue is whether the alleged "threat" to continue collection efforts was a false, deceptive, or

19   misleading representation in violation of the FDCPA.  The answer is no.

20          Plaintiff alleges that the April 9 letter was misleading because it implies that only a *full*

21   payment of the debt will stop collection efforts when, in reality, defendant's practice is to offer

22   a settlement whenever no payment is received after the initial collection letter (Compl. ¶ 10).[*]

23   Even assuming that this characterization of defendant's collection strategy is accurate, however,

24   it would not be inconsistent with the statement that "collection efforts" would continue if

25   payment is not received.  The settlement offer in defendant's May 24 letter *was* a "collection

26   effort;" it was an attempt to collect payment, albeit a partial payment, on plaintiff's debt.

27

28          [*]  In support of this contention, counsel submits materials regarding another debtor (Donna Karp) in a
      completely unrelated matter pending in the Northern District of Illinois.

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1   Nor does defendant's apparent willingness to later settle debts for less than the full

2   amount owed render the initial collection letter false, deceptive or misleading.  Even the least

3   sophisticated debtor would understand the disputed language to mean that if a full payment is

4   made, all collection activity would be stopped.  It might even be fair to say that the letter

5   implied that if *no* payment is made, collection activity would continue.  Nothing more was

6   stated or implied about what would happen (or not happen) if plaintiff made a *partial* payment.

7   Plaintiff's strained interpretation to the contrary is not persuasive.

8   Plaintiff further argues that the letter violated 15 U.S.C. 1692e(5) because "the

9   continuation of dunning letters, telephone calls and possible court action demanding to take all

10  available cash" was "a very serious threat" that defendant never intended to carry out (Opp. 3).

11  Yet, the April 9 letter did not threaten any such activity.  It merely stated that "collection

12  efforts" would continue.  As explained above, when no payment was received, defendant's

13  "collection efforts" *did* continue — a second letter was sent.

14  Even assuming all the factual allegations to be true and construing them in the light most

15  favorable to plaintiff, the alleged "threat" to continue collection efforts was not false, deceptive

16  or misleading.  Oddly enough, the best argument in plaintiff's brief — that the April 9 letter

17  falsely represented that "interest will continue on this account" if payment was not made, as the

18  May 24 letter reflected no increase in the amount owed  — was *not* alleged in the complaint.

19  **CONCLUSION**

20  For these reasons, defendant's motion to dismiss is **GRANTED**.  Any motion for leave to

21  amend must be filed by **NOVEMBER 28, 2005**, appending thereto any proposed new pleadings.

22  The hearing on this motion, currently scheduled for **DECEMBER 1, 2005 AT 8:00 A.M.**, is

23  **VACATED**.

24

25  **IT IS SO ORDERED.**

26

27  Dated:  November 17, 2005

28

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4