IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY DONNELL RAMSIRE, on behalf of himself and all others similarly situated,

    Plaintiff,

  v.

COLLECTCORP, INC.,

    Defendant.

No. C 05-03401 WHA

**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT AND VACATING HEARING**

    In this putative class action alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*, the complaint was filed on August 22, 2005. On November 17, 2005, the Court granted defendant's motion to dismiss. In accordance with that order, plaintiff filed this motion for leave to amend on November 28, 2005. Counsel was advised that the Court was treating this motion as one for administrative relief pursuant to Civil Local Rule 7–11. An opposition was timely filed.

    Plaintiff seeks to amend his complaint to (1) add allegations that defendant violated the FDCPA by falsely representing that interest would continue to accrue on the account if payment was not made; (2) add claims under the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*; and (3) limit the proposed class to residents of California who received a collection letter sent by defendant on behalf of Citicorp-Bankcards.

    "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); FRCP 15(a).  Accordingly, plaintiff's motion is **GRANTED**.

That said, Paragraphs 9 and 11 of the proposed amended complaint are rejected to the extent that plaintiff continues to allege a violation of the FDCPA on the basis that defendant threatened to continue collection efforts unless payment in full was received.  Defendant correctly points out that this issue has already been adjudicated in its favor.  Nor would any class, if certified, be comprised of persons who had received *only* the initial collection letter.  Even if plaintiff proves up his theory that defendant falsely represented that interest would continue to accrue on his account, only persons who had subsequently received a second letter reflecting an amount due that suggested no interest had actually accrued since the initial collection letter would be members of the putative class.

A revised pleading addressing these concerns shall be filed by **DECEMBER 5, 2005**.  Defendant shall have ten days after the first amended complaint is filed to file a responsive pleading thereto.  The hearing noticed for **JANUARY 26, 2006 AT 8:00 A.M.** is **VACATED**.

**IT IS SO ORDERED.**

Dated:  December 1, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2