IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL RAMSIRE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTCORP, INC.,<br><br>Defendant.<br>_____/ | No. C 05-03401 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

**INTRODUCTION**

In this putative class action alleging a violation of 15 U.S.C. 1692 *et. seq.* ("the Fair Debt Collection Practices Act" or "FDCPA") and California Civil Code § 1788.17 *et. seq.* ("the Rosenthal Act"), defendant Collectcorp, Inc. now moves to dismiss the first amended complaint or, in the alternative, to strike portions thereof. As discussed below, this order finds that plaintiff does not state a claim for which relief can be granted under either statute in the first amended complaint. Defendant's motion to dismiss is, therefore, **GRANTED WITHOUT LEAVE TO AMEND**.

**STATEMENT**

Plaintiff Larry Donnell Ramsire owed a debt to Citicorp Bankcards in the amount of $3,006.18, which he did not dispute (First Amd. Compl. ¶ 6). In connection with this debt,

1 plaintiff received a collection letter from defendant Collectcorp dated April 9, 2005, which
2 contained the following language (*id.* at Exh. A):

> As soon as we receive your payment in full on the above-noted account all collection activity will be stopped. If payment is not made, collection efforts as well as interest will continue on this account.

Collectcorp subsequently sent a second letter to plaintiff on May 24, 2005, which contained the following settlement offer (*id.* at Exh. B):

> You currently owe $3,006.18. We can settle your account today for only $2,254.64. Please call our office if you want to take advantage of these savings.

The Court dismissed plaintiff's initial complaint on November 17, 2005. Plaintiff filed his first amended complaint on December 2, 2005, claiming violations of 15 U.S.C. 1692e and California Civil Code 1788.17 (First Am. Compl. ¶¶ 16, 17, 19). Plaintiff alleged that the representation in the first letter that "interest will continue to accrue" was false, deceptive and misleading and that the representation constituted a threat that Collectcorp did not intend to carry out (*ibid.*). Plaintiff alleged that this violation was evidenced by the fact that the second letter stated an amount due reflecting an absence of interest accrual (*id.* at ¶ 11).

**ANALYSIS**

A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. Although materials outside of the pleading should not be considered, a court may consider all materials properly submitted as part of the complaint, such as exhibits. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). On the other hand, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). If dismissal is granted, the Court may "properly den[y] a party's request for leave to amend if such leave would be futile." *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998).

\* \* \*

The purpose of the FDCPA "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Pressley v. Capital Credit & Collection Serv., Inc.*, 760 F.2d 922, 925 (9th Cir. 1985) (citation omitted). Whether a collection letter violates the FDCPA is a question of law for the Court, not a jury; the analysis focuses on "whether it is likely to deceive or mislead a hypothetical least sophisticated debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1431–32 (9th Cir. 1997). This standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1989).

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Among the explicitly enumerated conduct, Section 1692e(5) provides that "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" is a violation of this section. Section 1692e(10) further prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." The Rosenthal Act contains a coattail provision proscribing any conduct in violation of the FDCPA and incorporating the provisions of the federal statute by reference. Cal. Civ. Code § 1788.17.

Plaintiff challenges the following language from defendant's initial collection letter (emphasis added):

> If payment is not made, collection efforts *as well as interest will continue on this account*.

The debt plaintiff owed on April 9, 2005 was $3006.18. According to the second letter, sent over a month later, the debt was still $3006.18. The second letter thus suggested that defendant did not charge interest on the debt during the intervening month. The issue is whether the reference to continuing accrual of interest was false, misleading and deceptive and whether the reference constituted a threatened action which Collectcorp did not intend to pursue. This order finds that plaintiff's first amended complaint is legally insufficient, given that the imposition of

3

1  interest occurs by operation of law of the terms of the note, not by the subsequent willful
2  conduct of Collectcorp.

3  *First*, there was nothing false, misleading or deceptive about the reference to continued
4  interest accrual for purposes of Section 1692e Section 1692e(10). The initial dunning letter
5  simply informed plaintiff that interest would continue to accrue. Even the most unsophisticated
6  investor would recognize this as a common-sense reminder that under the operation of law,
7  interest accrues. *See, e.g.*, *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). In
8  *Wade*, "[t]he notice told [plaintiff] correctly that she had an unpaid debt, and properly informed
9  her that failure to pay might adversely affect her credit reputation." The *Wade* opinion found
10 this to be information about a basic fact, not a deceptive comment. This same reasoning applies
11 to the accrual of interest.

12 Plaintiff's counsel argued at the hearing on this motion that the result should differ in
13 this case because the interest accrual did not actually occur. This is not so. On plaintiff's view,
14 Collectcorp's subsequent failure to include the interest automatically made the initial
15 representation false and deceptive. Many possible reasons exist why Collectcorp failed to
16 include the interest amount such as waiver or clerical error. Moreover, Collectcorp did not
17 overstate the amount due in the second dunning letter, but in fact apparently understated the
18 amount. Regardless, there was nothing false or deceptive in Collectcorp's informational
19 statement that interest accrues on debt even if the interest did not so accrue, just as there was
20 nothing false or deceptive in *Wade* if that debtor's credit did not actually deteriorate as a result
21 of non-payment.

22 *Second*, as to the FDCPA's bar on empty threats by collectors under Section 1692e(5),
23 the following two-pronged test has evolved: (1) whether the debt collector threatened action,
24 and, if so, (2) whether the debt collector intended to or legally could take such action. *See Irwin*
25 *v. Mascott*, 112 F. Supp. 2d 937, 950 (N.D. Cal. 2000). Again, a court must consider whether
26 the debt collector made an improper threat from the perspective of the least sophisticated
27 debtor. Here, plaintiff cannot establish the first prong as a matter of law.
28

4

1    A collector does not threaten action by sending a dunning letter that merely provides
2 "information" to the debtor or if the dunning letter would be viewed by the unsophisticated
3 debtor as a "prudential reminder." *Wade*, 87 F.3d 1098, 1100. The reference to interest in
4 Collectcorp's initial dunning letter did not threaten atypical action such as the imposition a
5 penalty fee or a threatened lawsuit. *Compare Wade*, 87 F.3d 1098, 1100 (negative impact on
6 credit), *with Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 779 (9th Cir. 1982) (finding actionable a
7 collector's threat of legal action where collector's policy was merely to engage in telephone and
8 mail solicitation). Much as the deterioration of one's credit is an inevitability when one does
9 not pay his or her debts, so too, it is an inevitability that interest will accrue on debts until they
10 are fully satisfied. Even the least sophisticated debtor, therefore, would understand defendant's
11 dunning letter as providing a prudential reminder of this basic fact, not as a coercive threat of
12 extreme action.

13    Since plaintiff fails to state a claim under the FDCPA, plaintiff also cannot state a claim
14 under Section 1788.17 of the Rosenthal Act. Section 1788.17 simply "has incorporated by
15 reference the text of certain federal provisions into the CA FDCPA, rather than copying them
16 verbatim into the California code." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548
17 (N.D. Cal. 2005). To succeed under this state provision, therefore, plaintiff would need to state
18 a claim under a provision of the FDCPA. Plaintiff does not do so.

19    Plaintiff has now had two opportunities to scour Collectcorp's dunning letters for any
20 possible violation of the FDCPA. Plaintiff still has not stated a claim and will not be able to do
21 so with one more attempt to provide a strained reading of the letters. Any further amendment,
22 therefore, would be futile.

5

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**. This action is over at the district court level. Judgment will be entered accordingly with this order.

**IT IS SO ORDERED.**

Dated: January 26, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE